[Crim. No. 34374. Second Dist., Div. Two. Feb. 25, 1980.]

THE PEOPLE, Plaintiff and Respondent, v.
THEOPHILOUS JAMES, Defendant and Appellant.

730

COUNSEL

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, Charles M. Sevilla, Chief Assistant State Public Defender, Donald L. A. Kerson and F. Elaine Easley, Deputy State Public Defenders, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Norman H. Sokolow and William V. Ballough, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

BEACH, J.—A jury found appellant guilty of kidnaping (Pen. Code, § 207), rape (Pen. Code, § 261, subds. 2 and 3), oral copulation (Pen. Code, § 288a) and sodomy (Pen. Code, § 286). The trial court sentenced appellant to state prison. Appellant appeals from the judgment of conviction.

ISSUES AND HOLDING:

In this case we are asked to determine the following questions:

1. ■ Did the trial court err when during voir dire of the prospective jurors it defined "moral certainty" as "probable certainty"? If so, was the error prejudicial?

2. Were appellant's prior convictions used improperly to enhance his sentence?

For the reasons discussed below, we conclude, first, that the trial court's definition of "moral certainty" was not error and, second, that

appellant's commitments for assault and murder constituted but one "prior conviction" and that his commitment for possession of a concealable firearm by an ex-felon constituted a separate "prior commitment" for the purpose of the enhancement provisions of Penal Code section 667.5.

DISCUSSION:

1. *Trial court's equation of "moral certainty" to "probable certainty"*

On voir dire, defense counsel told the prospective jurors that the standard of proof in criminal cases was "beyond a reasonable doubt and to a moral certainty." When counsel explained the latter term as "your own...moral judgments," the trial court voiced its disagreement, saying: "Absolutely does not mean that....In this context, moral means probable."

It appears that defense counsel and the trial court both were referring to the "moral certainty" language of CALJIC No. 2.90, pursuant to which the jury was instructed following the presentation of evidence in the case. That instruction tells the jury that it must find the defendant guilty beyond a reasonable doubt. It then defines reasonable doubt as "that state of the case," which, after the jury's consideration of the evidence, "leaves the minds of the jurors in that condition that they cannot say they feel an abiding conviction, to a moral certainty, of the truth of the charge."

Recently Justice Mosk in his concurring opinion in *People* v. *Brigham* (1979) 25 Cal.3d 283 [157 Cal.Rptr. 905, 599 P.2d 100], criticized the phrase "moral certainty," as used in CALJIC No. 2.90, as a metaphysical concept which has no precise meaning and tends to confuse the average juror for whom the phrase "reasonable doubt," with its plain meaning, is easier to understand and who therefore is better off without any attempt to define that term.

As the concurring opinion in *People* v. *Brigham* (1979) *supra*, 25 Cal.3d 283, 303 observes, the court in *Commonwealth* v. *Costley* (1875) 118 Mass. 1, 23 equated "'moral certainty'" to "'a very high degree of probability.'" Similarly, in *United States* v. *Thompson* (W.D.Wash. 1926) 11 F.2d 875, 876, the court noted that the phrase "moral certainty" involved "a contradiction approaching absurdity; for

'certainty' imports a truth of fact and proven beyond any doubt or question, while *'moral' imports the like proven to only probability.* That is to say, taken literally and not in judicial forced construction to sanction its use, the term imports a truth of fact *probably proven beyond any doubt* . . . ." (Italics added.) In the case at bench, therefore, in attempting to undo any possible confusion which defense counsel's definition of "moral certainty" as a juror's own "moral judgment" caused the jury panel, the trial court did not err in equating "moral certainty" to "probable certainty." Contrary to appellant's assertion, the term "probable certainty," as used by the trial court, simply meant a truth of fact probably proven beyond any doubt (*Ibid.*), not whether guilt was "more likely or not."

2. *Sentence enhancement because of prior convictions*

At his trial, appellant admitted having suffered a prior conviction for assault with a deadly weapon, a prior conviction for second degree murder, and a prior conviction for possession of a concealable weapon by an ex-felon. The trial court used each of the three prior convictions to enhance appellant's sentence.

The record reveals that on the convictions for assault and murder appellant was sent to state prison in December 1962. He was paroled in 1975 on the murder sentence. Thereafter, appellant was convicted of possession of a firearm by an ex-felon (Pen. Code, § 12021), his parole on the murder sentence was revoked, and in March 1976 he was again committed to prison.

Citing subdivision (g) of Penal Code section 667.5, appellant contends that because his prison commitments for second degree murder and assault with a deadly weapon were "a continuous completed period of incarceration," they represented only one prior prison term and hence constituted only one prior commitment for the purpose of enhancement. Penal Code section 667.5 provides for sentence enhancement because of prior felony convictions if separate prison terms therefor have been served. Subdivision (g) of that section defines a prior separate term as "a continuous completed period of prison incarceration imposed for the particular offense alone or in combination with concurrent or consecutive sentences for other crimes, including any reimprisonment on revocation of parole which is not accompanied by a new commitment to prison, and including any reimprisonment after escape from such incarceration."

■ As we recently stated in *People* v. *Lara* (1979) 95 Cal.App.3d 247, 250-251 [158 Cal.Rptr. 847], it is the policy of this state to construe a penal statute as favorably to the defendant as its language and the circumstances of its application may reasonably permit. ■ Guided by that policy, we interpret the language of subdivision (g) to mean that as long as there is "a continuous completed period of prison incarceration," a defendant who has served concurrent or consecutive prison sentences on various commitments is deemed to have served only one prior prison term for the purpose of the enhancement provisions of Penal Code section 667.5. Similarly, any reimprisonment for parole revocation is not considered a prison term separate from that for the underlying conviction unless it is accompanied by a new commitment. We conclude that on his commitments for assault and murder appellant served but one "prior separate prison term," and that therefore the trial court, having already used the murder conviction to enhance appellant's sentence, erred in using the assault conviction for a separate enhancement.

■ Appellant also contends that his commitment for possession of a concealable firearm by an ex-felon was not a "prior conviction" and thus could not be used for enhancement, because it was accompanied by his parole revocation on the murder sentence. In support of his contention, appellant cites *People* v. *Cole* (1979) 94 Cal.App.3d 854 [155 Cal.Rptr. 892], decided by the First District. There is language in *Cole* which could be interpreted as saying that a reimprisonment for parole revocation which *is* accompanied by a new commitment to prison constitutes but one "prior separate prison term." (*Id.* at p. 866.) To the extent it does say that, we decline to follow *Cole* because, as we interpret the language of subdivision (g) of Penal Code section 667.5, a reimprisonment for revocation of parole does not constitute a prior prison term *unless* it is accompanied by a new commitment for a new offense. (*People* v. *Espinoza* (1979) 99 Cal.App.3d 59, 70 [159 Cal.Rptr. 894].) Here, appellant's parole revocation was accompanied by a new commitment. Therefore, the commitment for possession of a concealable firearm by an ex-felon was a separate prior conviction and could properly be used to enhance appellant's sentence under Penal Code section 667.5.

The judgment is modified by striking therefrom the one-year enhancement for the conviction for assault with a deadly weapon and reflecting a three-year enhancement under Penal Code section 667.5,

subdivision (a) for the second degree murder conviction and a one-year enhancement for the conviction for possession of a concealable firearm by an ex-felon, under Penal Code section 667.5, subdivision (b). In all other respects, the judgment is affirmed.

Roth, P. J., and Fleming, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 24, 1980.