[Crim. No. 10580. Third Dist. July 29, 1980.]

In re JACK JESSUP on Habeas Corpus.

[Crim. No. 10583. Third Dist. July 29, 1980.]

In re ALFONSO VITELA on Habeas Corpus.

[Crim. No. 10610. Third Dist. July 29, 1980.]

In re SIDNI ALFRED MOORE on Habeas Corpus.

COUNSEL

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Mark E. Cutler, Deputy State Public Defender, for Petitioners.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Gregory W. Baugher and Wanda Hill Rouzan, Deputy Attorneys General, for Respondent.

OPINION

**PARAS, J.**—These three original proceedings, each seeking a writ of habeas corpus, were consolidated for hearing. Because they present identical issues, we have on our own motion consolidated them for decision. (See 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 482, p. 4437.)

■ The question presented is whether a felony sentence must be enhanced because of a prior prison term when the subject crime is committed during the parole period of the prior offense and there is a concurrent reimprisonment for the parole violation. Petitioners, each of whom has had his sentence so enhanced, contend Penal Code section 667.5, subdivision (g), as interpreted by the First District, Division Two court in *People v. Cole* (1979) 94 Cal.App.3d 854 [155 Cal.Rptr. 892], bars enhancement because their prior terms were not "completed" when the new sentences and enhancements were imposed.

Penal Code section 667.5[1] mandates enhancement of a prison term because of prior prison terms. Sentences for specified violent felonies (subd. (c)) are enhanced by three years when the prior term was also for a violent felony and the defendant has been free of prison custody for less than ten years (subd. (a)). Petitioner Jessup had his sentence so enhanced. Other felonies bring about one-year enhancements if five years have not passed since a prior prison term was served. (Subd. (b).) Petitioner Vitela's sentence was so enhanced for two prior terms and petitioner Moore's sentence for one.

Subdivision (g) defines a "prior separate prison term" as: "a continuous completed period of prison incarceration imposed for the particular offense alone or in combination with concurrent or consecutive sentences for other crimes, including any reimprisonment on revocation of parole which is not accompanied by a new commitment to prison, and including any reimprisonment after escape from such incarceration."

The subdivision has been considered in other Court of Appeal opinions. In *People v. Cole, supra*, the defendant's prison sentence for assault with a deadly weapon was enhanced because of a prior arson conviction and a later prior conspiracy and pimping conviction. The appellate court ordered the one-year enhancement for the arson conviction stricken on the grounds that defendant was reimprisoned on that conviction after parole revocation, and concurrently sentenced for the conspiracy and pimping offenses. (*Id.*, 94 Cal.App.3d at pp. 865-866.) The court read subdivision (g) to exclude from the enhancement provisions prior prison terms in which parole violation reimprisonment is accompanied by a new prison commitment for another crime.

---

[1]All statutory references henceforth are to Penal Code section 667.5 unless otherwise indicated.

The *Cole* court's interpretation of the statute was rejected by the Fourth District, Division Two in *People* v. *Espinoza* (1979) 99 Cal. App.3d 59 [159 Cal.Rptr. 894] (hg. den. Feb. 7, 1980). The *Espinoza* court read subdivision (g) as an attempt to prevent imposition of *two* enhancements when reimprisonment follows a parole violation. Thus *one* enhancement is proper where the parole violation is also prosecuted as a new offense.

Viewing the statutory scheme as a whole, we agree with the *Espinoza* court as to the meaning of subdivision (g). As noted in *Espinoza* (99 Cal.App.3d at p. 70), the *Cole* court may not have been dealing with the question presented in *Espinoza* and here. In any event, we adopt the *Espinoza* holding and decline to follow *Cole*. The construction for which petitioners argue under *Cole* would result in enhancement for prior terms within the statutory limits only when probation has been *successfully* completed. This absurd result is contrary to our understanding of the legislative intent. (*People* v. *Espinoza, supra*, at pp. 73-74.)

The petitions are denied and the orders to show cause discharged.

Regan, Acting P. J., concurred.

**BLEASE, J.**—I dissent.

The majority opinion, following *People* v. *Espinoza* (1979) 99 Cal. App.3d 59,[1] and rejecting *People* v. *Cole* (1979) 94 Cal.App.3d 854 [155 Cal.Rptr. 892], holds, despite the express language of Penal Code sections 667.5 and 1170, subdivision (a)(2), that a prior prison term is "complete" (Pen. Code, § 667.5, subd. (g)), for purposes of the enhancement of a term for a subsequent offense, notwithstanding that the defendant is still "*serving*" the prior term (Pen. Code, § 667.5, subd. (h), italics added).

The issue here, as in *Espinoza*, is whether, for purposes of Penal Code section 667.5, a defendant has "*completed*" a "*sentence*" for a prior offense when he has been recommitted to "prison custody" upon

---

[1]Accord *People* v. *Butler* (1980) 104 Cal.App.3d 868, 882-885 [162 Cal.Rptr. 913]; *People* v. *Mathews* (1980) 102 Cal.App.3d 704, 710-713 [162 Cal.Rptr. 615]; and see *People* v. *James* (1980) 102 Cal.App.3d 728, 732-734 [162 Cal.Rptr. 548]; *People* v. *Burke* (1980) 102 Cal.App.3d 932, 942-944 [163 Cal.Rptr. 4].

revocation of parole imposed "as part of the sentence" for the offense. (Italics added.)

As will be shown, a prison term for a prior felony offense is complete when the period, including parole, during which prison custody for the offense may be imposed, has terminated.

The majority opinion blindly follows the result in *Espinoza*, disregarding the fact that *Espinoza* fails to consider four of the five statutory provisions which expressly govern the issue. This dissent focuses upon the provisions which *Espinoza* ignores.

I

Penal Code section 667.5, subdivisions (a) and (b), require that, upon · conviction for a felony, there must be added to the term imposed for the felony an additional term of years[2] for "*each prior separate prison term served*" *by the defendant*. (Italics added.)

The phrase "prior separate prison term" is defined in Penal Code section 667.5, subdivision (g), as meaning a "continuous completed period of prison incarceration" imposed because of a prior offense or offenses. *Espinoza* and its progeny, considering *only* subdivision (g) of section 667.5[3] and rejecting the reasoning of *Cole*,[4] hold that a "prior...prison *term*" (italics added) is complete, for purposes of section 667.5, at the time the defendant is placed on parole, using the word "term" in the sense used in Penal Code section 3000 which separates a prison "sentence" into a "*term* of imprisonment" (italics added) and a "period of parole."

---

[2]The number of years added turns on whether the new felony is statutorily classified as "violent" (three additional years) or not (one additional year).

[3]Penal Code section 667.5, subdivision (g), provides: "[A] A prior separate prison term for the purposes of this section shall mean [B] a continuous completed period of prison incarceration [C] imposed for the particular offense alone or in combination with concurrent or consecutive sentences for other crimes, [D] including any reimprisonment on revocation of parole which is not accompanied by a new commitment to prison, and [E] including any reimprisonment after escape from such incarceration." The capital letters are inserted to mark the critical clause breaks.

[4]The capital letters marking the clause breaks in Penal Code section 667.5, subdivision (g) (*ante*, fn. 3), are used in the following analysis.

*Cole assumes* that [D] is a member of class [A] and argues that since [D] (revocation of parole *without* a new commitment) is a member of [A] (prior separate prison term), then the converse *not* [D] (revocation *with* a new commitment), *the case before us*, is not a member of [A], and is therefore *not* a prior separate prison term. *Espinoza* faults the *Cole* logic as a nonsequitur and argues that "[e]ither event [[D] or not [D]]

*Espinoza* states: "The truth is that section 667.5 does not define 'a continuous completed period of prison incarceration.' The best indication of what the Legislature meant by that expression is found, we believe, in section 3000 in which the Legislature speaks of the 'expiration of a term of imprisonment' in contradistinction to release on parole and 'completion of parole, or . . . the end of the maximum statutory period of parole.' The language of section 3000 makes plain the legislative assumption that a term of imprisonment expires prior to release on parole. A term of imprisonment which has expired, has been 'completed.' We conclude, therefore, that a term of imprisonment is 'completed' at the expiration of the stated term notwithstanding the undoubted legal truism that additional imprisonment on revocation of parole is referable to and in legal theory a part of an original term. . . ." (*People* v. *Espinoza, supra,* 99 Cal.App.3d at p. 72.)

*Espinoza* here goes wrong by failing to consider the provisions of subdivisions (d), (e) and (h) of section 667.5, and the provisions of Penal Code section 1170, subdivision (a)(2), which expressly include a period of (expired or discharged) parole under Penal Code section 3000, within the phrase "prior separate prison *term.*" (Italics added.) These provisions use "*term*" to mean "*sentence*" and thus include the period of parole.

The determinate sentence law (DSL) establishes a "sentence" for each felony offense consisting of a "term of imprisonment" followed by a period of parole under Penal Code section 3000 "as part of the sentence." (Pen. Code, §§ 1170, subds. (a)(2) and (c); 3000.) The word "term" in this sense (term (1)) is to be distinguished from the "sentence," which includes, as well, the period of parole.

*Espinoza* uses "term" to mean term (1), ignoring the provisions which make the "*sentence*," including the parole period, the measure of the prior prison term (term (2)).

---

presupposes the existence of a 'prior separate prison term.'" (*People* v. *Espinoza* (1979) 99 Cal.App.3d 59, 70 [159 Cal.Rptr. 894].)

*Espinoza* here makes the same *assumption* as *Cole* but *given the Cole assumption,* its reasoning is correct. If [D] is a member of [A], then not [D] is, by clear implication, not a member of [A]. This is obviously a stronger argument than *expressio unius est exclusio alterius.*

But it is the *Cole assumption* which is wrong, and *Espinoza* goes wrong in adopting it. Clause [D] is not a member of [A] but modifies clause [C] which is designed to explicate the term "*separate*" in "prior *separate* offense." (Italics added.) (*People* v. *Burke, supra,* 102 Cal.App.3d at pp. 943-944.) In other words, [D] is a property of an element [separate] of [A] and not an example or member of it.

Penal Code section 1170, subdivision (a)(2), expressly makes the *"sentence,"* and with it the parole period, the measure of the period covered by term (2), as used in section 667.5. It provides in part: "In any case in which the amount of preimprisonment credit under Section 2900.5 or any other provision of law is equal to or exceeds any *sentence* imposed pursuant to this chapter, *the entire sentence, including any period of parole under Section 3000,* shall be deemed to have been *served* and the defendant shall not be actually delivered to the custody of the Director of Corrections. However, *any such sentence shall be deemed a separate prior prison term under Section 667.5,* and a copy of the judgment and other necessary documentation shall be forwarded to the Director of Corrections." (Italics added.)

It is clear from this provision that term (2) ends (is complete) at least when the *sentence* ends and that an enhancement may be imposed if the sentence is terminated at any time prior to the imposition of sentence for the new offense. "Prior," in "prior prison term," thus means prior to imposition of the new sentence and does not mean prior to the new offense.

*Espinoza's* reading failures lead it to a fictitious policy problem. It claims that, if the parole period is considered as part of the term, "harsher treatment [would *necessarily* occur] for a felon who has faithfully and successfully served his or her parole than for a felon who has committed yet another felony while on parole." (*People v. Espinoza, supra,* 99 Cal.App.3d at p. 74; see also *People v. Butler, supra,* 104 Cal.App.3d 868, 884-885.)

No such necessity arises. An enhancement may be imposed for an offense committed *during parole,* provided that the parole portion of the "sentence" has expired or been discharged prior to the imposition of the enhancement. Since discharge from parole is within the discretion of the government, an enhancement is a governmental option (other criteria having been met) as to *any* felony offense committed by a defendant on parole. The apparent legislative policy is to preclude *both* punishment upon parole revocation *and* an enhancement arising out of the *same* new offense. The choice is for the government to make.

## II

The sentence marks the outer limits of the prior prison *term.* But other statutory provisions, within section 667.5, further condition the application of enhanced terms of imprisonment.

The prior prison term must have been *served* in order to justify an enhancement.

Subdivisions (a) and (b) of section 667.5 provide that an enhancement may be imposed only for a "prior separate prison term *served* for" a felony. (Italics added.) Subdivision (e) states that enhancements "shall not be imposed for any felony for which the defendant did not *serve* a prior separate term in state prison." (Italics added.) (See *In re Hawkins* (1980) 103 Cal.App.3d 621, 624 [163 Cal.Rptr. 201].) "Served" is defined in subdivision (h) such that "[*s*]*erving* a prison term includes *any confinement time* in any state prison" (italics added), a phrase inclusive of confinement for revocation of parole. (*In re Hawkins, supra,* at p. 625.)

This provision means that an enhancement may not be imposed if the prior prison term did not result in prison confinement. It also means that whether or not the sentence (term (2)) has ended, if the prison incarceration imposed by virtue of the sentence has been completed, an enhancement may be added, notwithstanding that the period of parole may not have ended.

Penal Code section 667.5, subdivision (g), defines "prior separate prison term" as "a *continuous completed period of prison incarceration*" imposed for a prior offense or offenses. (Italics added.) *Espinoza* argues that where, as here, a defendant has been reimprisoned for revocation of parole the prior prison term must have been completed because "[a] term of imprisonment followed by a period on parole, followed by a revocation of parole and reimprisonment for an additional period can hardly be said to constitute 'continuous' service of a sentence." (*People* v. *Espinoza, supra,* 99 Cal.App.3d at p. 72.)

Even assuming what is not apparent, that a *dis*continuous period of prison incarceration can count as a completed term of imprisonment, under subdivision (d) the parole period counts as prison incarceration upon reimprisonment for revocation of parole.

Subdivision (d) of Penal Code section 667.5 states, in relevant part: "For the purposes of this section the defendant shall be deemed to *remain* in prison custody for an offense [when he or she] is reimprisoned on revocation of parole."[5] (Italics added.)

---

[5] It might be argued that subdivision (d) does not apply to subdivision (g) because (d) uses the phrase "prison custody," while (g) uses "prison incarceration," and subdivi-

There is one last *Espinoza* argument to address. *Espinoza* claims that its conclusion is supported by the administrative application of section 667.5 by the Community Release Board, contained in California Administrative Code, title 15, section 2154, subdivision (b)(2).[6] But an inspection of the administrative provision shows that it is exclusively concerned with what counts as a *separate* prior term, not what counts as a term.

The distinction in subdivision (g) of Penal Code section 667.5 between revocation with and revocation without a new commitment is to make it clear that, as the regulation points out, "if the person was returned to prison with a new term, the new term will count as a second prior prison term" (Cal. Admin. Code, tit. 15, § 2154, subd. (b)(2)); i.e., the new commitment may form the basis of a *separate* prior prison term as to a future offense.

Contrary to *Espinoza* and its followers, the conclusion is compelled that a defendant, as here, reimprisoned upon revocation of parole, is still "serving" (Pen. Code, §§ 667.5, subd. (h); 1170, subd. (a)(2)) his term (2) "sentence" (Pen. Code, § 1170, subd. (a)(2)) and has been

---

sions (a) and (b) specifically refer to "prison custody," thereby implying that subdivision (d) only has application to subdivisions (a) and (b). There are two answers to the argument. First, (d) applies "for purposes of this *section*" (italics added), not a subdivision of the section. Second, the classification of *parole* upon revocation as "prison custody" in (d) has no function in (a) and (b). Subdivisions (a) and (b) create exceptions to the section 667.5 enhancement requirements. They preclude (in part) application of an enhanced term if the defendant has been *free of* prison custody for a specified period.

Since only a single instance of prison custody would nullify the exception, subdivision (d)'s classification of *parole* as prison custody, when triggered *by a single instance of reimprisonment* upon revocation of parole, would serve *no* function. In other words, since the act giving rise to the revocation would *itself* nullify the exception, nothing is gained by deeming the parole additionally to be prison custody.

Moreover, subdivisions (d) ("prison custody"), (g) ("prison incarceration") and (h) ("confinement time in...state prison"), although using different words, contain an interchangeable *core* of custodial meaning. (See *In re Hawkins* (1980) 103 Cal.App.3d 621 [163 Cal.Rptr. 201].)

[6]""Prior prison term" is a prior felony conviction which resulted in a continuous completed period of prison incarceration imposed for the particular crime [alone] or in combination with sentences for other crimes or commitments (whether concurrent or consecutive) received before release on parole. *If the person was returned to prison to finish term, for a parole violation or with a new commitment for escape, the period will count as a single prison term. However, if the person was returned to prison with a new term, the new term will count as a second prior prison term, even if parole was incidentally revoked....*' (Cal. Admin. Code, tit. 15, § 2154, subd. (b)(2); italics added.)" (Fn. omitted.) (*People v. Espinoza, supra,* 99 Cal.App.3d at p. 76.)

"continuously" incarcerated (Pen. Code, § 667.5, subds. (d) and (g)) in prison during the parole period. Accordingly, such a defendant cannot have *completed* his continuous period of prison incarceration (Pen. Code, § 667.5, subd. (g)) for the offense, and an enhancement may not be imposed.

The *Espinoza* reasoning is demonstrably wrong but, rather than grapple with the demonstration, my colleagues take the easy path of error sanctified by precedent.

I would grant the relief sought by petitioners.

A petition for a rehearing was denied August 22, 1980. Blease, J., was of the opinion that the petition should be granted. Petitioners' application for a hearing by the Supreme Court was denied September 24, 1980. Bird, C. J., was of the opinion that the application should be granted.