[No. B041364. Second Dist., Div. Five. July 20, 1990.]

THE PEOPLE, Plaintiff and Respondent, v.
DARREN L. CROCKETT, Defendant and Appellant.

**COUNSEL**

Jill Switzer, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Edward T. Fogel, Jr., Assistant Attorney General, William T. Harter and Donald E. De Nicola, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**ASHBY, Acting P. J.**—Darren L. Crockett appeals from the judgment entered following his conviction by jury of possession of cocaine (Health & Saf. Code, § 11350, subd. (a)), findings by the court that he had suffered prior narcotics convictions (Health & Saf. Code § 11370, subds. (a) & (c)), and a finding that he had suffered a prior conviction for which he served a prison term within the meaning of Penal Code section 667.5, subdivision (b). We affirm.

### FACTS

The record of the trial reflects that about 9:15 p.m. on December 8, 1988, Pasadena Police Sergeant Keith Jones, while on patrol in a marked vehicle,

saw a Cadillac with two men inside parked at the curb in one of Pasadena's "hot spots," a known location where narcotics are sold. Sergeant Jones pulled alongside the car and asked the driver, who was appellant's father, what he was doing. Appellant's father replied that he was waiting for someone and pointed to a house that was a known location for drug sales. The sergeant, suspicious the two men might be buying cocaine, drove to a location where he could watch the car. A minute later, the Cadillac drove away and the sergeant, noticing the car's right rear taillight and brake light were not working, stopped it for a Vehicle Code violation.

Appellant, who had not been in the car earlier, was sitting in the front passenger seat. The sergeant asked the driver for his license and registration but the driver gave him identification papers rather than the license. Sergeant Jones then called for another police unit for safety purposes, as he was alone and might have to search the car. Appellant, the driver, and the third man remained in the car. A minute or two later, after Investigator Burgner and Officer Rapagna arrived, Sergeant Jones asked appellant if he would mind exiting the car. Appellant replied he would not and alighted. The sergeant then asked him if he possessed narcotics. Appellant said he did not and, upon request, gave the sergeant permission to search his person. As the sergeant started to reach into appellant's pockets, the sergeant realized appellant's voice sounded "rather funny," and appellant was talking as though something was in his mouth. The sergeant asked appellant to open his mouth and, as appellant did so, he tilted his head back so the sergeant could see the roof of his mouth. The sergeant then placed his hand in appellant's jawbone area and told appellant to lower his mouth. The sergeant did not have to use force to pull appellant's head down, as appellant was complying with the request.

The sergeant saw two small off-white rock-like objects resembling cocaine on the tip of his tongue. The officer lowered his hand to appellant's throat and, after putting his other hand on appellant's head to tilt it forward, told appellant to spit them out. The sergeant, feeling a muscle contraction, gently squeezed the sides of appellant's throat for about 20 seconds to keep appellant from swallowing the rocks. There was no struggle and appellant did not cough or gag. Appellant appeared cooperative and made several spitting motions. The sergeant recovered two rocks from the ground nearby. The rocks weighed a total of .08 gram and contained cocaine. The sergeant then gave a ticket to the driver for the taillight violation.

In defense, appellant denied possessing any cocaine on the night in question. Appellant testified that he voluntarily consented to Sergeant Jones's searching him and, after the sergeant gently placed his hand on appellant's neck, another officer put a fist in his back and told appellant to spit the dope

out. Appellant suggested that both officers then choked appellant for a minute or so until he eventually was spitting blood. Later, Sergeant Jones produced narcotics from the police car. Appellant denied it belonged to him.

After the jury returned its verdict, the court found appellant had suffered prior drug convictions rendering him ineligible for probation. (Health & Saf. Code, § 11370, subds. (a) & (c).) The court also found appellant had served a prior prison term for previously violating Health and Safety Code section 11350 within the meaning of Penal Code section 667.5, subdivision (b), and imposed a one-year enhancement of appellant's prison sentence. In support of the prior conviction allegations, the prosecution submitted certified copies of the clerk's file entries. The trial court also took judicial notice of the court's files which showed (1) that in 1986 appellant pleaded guilty to selling cocaine and was placed on probation for five years (case No. A570608); (2) that in 1987 appellant pleaded guilty to possession of cocaine and was sentenced to state prison for two years on June 5, 1987 (case No. A573460); and (3) that upon appellant's plea in case No. A573460, the court revoked his probation in case No. A570608 and sentenced him to state prison for a concurrent three-year sentence.

Appellant contends: "I. Appellant was denied the effective assistance of counsel when trial counsel failed to make a motion to suppress evidence based on a warrantless search. II. It is reasonably probable a determination more favorable to appellant would have resulted if appellant's attorney had made a motion to suppress evidence pursuant to Penal Code section 1538.5(a)(l). III. There was insufficient evidence to support the court's finding that appellant had suffered a prior conviction within the meaning of Penal Code section 667.5(b)." Appellant does not contest the finding that he had suffered prior narcotic convictions pursuant to Health and Safety Code section 11370, subdivisions (a) and (c), the effect of which was to deny probation.

## MOTION TO SUPPRESS

■ Appellant's contention that he was denied the effective assistance of counsel when his counsel failed to litigate a suppression motion is meritless. The record does not establish that counsel's failure to make a suppression motion resulted from ignorance of the facts or the law, nor can it be said that appellant was prejudiced by counsel's failure to bring the suppression

motion.[1] (*People* v. *Ledesma* (1987) 43 Cal.3d 171, 216-218 [233 Cal.Rptr. 404, 729 P.2d 839]; *People* v. *Shope* (1982) 128 Cal.App.3d 816, 824-825 [180 Cal.Rptr. 567]; *People* v. *Shelburne* (1980) 104 Cal.App.3d 737, 743-744 [163 Cal.Rptr. 767].)

SENTENCE ENHANCEMENT

 The court found, pursuant to Penal Code section 667.5, that appellant had previously served a prior prison term in a 1987 felony matter, case No. A573460. Based upon this finding, appellant's sentence was enhanced. Appellant contends the evidence was insufficient to support the finding. Specifically, appellant contends there was insufficient evidence to prove he *completed and served* the prior sentence. Appellant's contention is not persuasive.

We hold, in agreement with *People* v. *Castillo* (1990) 217 Cal.App.3d 1020, 1024 [266 Cal.Rptr. 271], that in an appropriate case an abstract of judgment, along with reasonable inferences from the facts, can provide substantial evidence sufficient to prove defendants served and completed prison terms. (*People* v. *Young* (1987) 192 Cal.App.3d 812, 818 [237 Cal.Rptr. 703]; *People* v. *Lizarraga* (1974) 43 Cal.App.3d 815, 820 [118 Cal.Rptr. 208].) We disagree with the contrary holdings in *People* v. *Jones* (1988) 203 Cal.App.3d 456 [249 Cal.Rptr. 840], upon which appellant relies, and *People* v. *Green* (1982) 134 Cal.App.3d 587 [184 Cal.Rptr. 652].

Penal Code section 667.5 provides in pertinent part: "Enhancement of prison terms for new offenses because of prior prison terms shall be imposed as follows:

"(a) Where one of the new offenses is one of the violent felonies specified in subdivision (c), in addition and consecutive to any other prison terms therefor, the court shall impose a three-year term for each prior separate prison term served by the defendant . . . .

"(b) Except where subdivision (a) applies, where the new offense is any felony for which a prison sentence is imposed, in addition and consecutive to any other prison terms therefor, the court shall impose a one-year term for each prior separate prison term served for any felony; . . .

---

[1] According to his trial testimony, appellant consented to a search of his person and initially voluntarily opened his mouth and tilted his head upon request. Thereafter, the cocaine was produced from the police vehicle. This court will not presume appellant would have testified differently at a motion to suppress evidence.

"。 . . . . . . . . . . . . . . . . . . . .

"(d) For the purposes of this section the defendant shall be deemed to remain in prison custody for an offense until the official discharge from custody or until release on parole whichever first occurs including any time during which the defendant remains subject to reimprisonment for escape from custody or is reimprisoned on revocation of parole . . . .

"。 . . . . . . . . . . . . . . . . . . . .

"(g) A prior separate prison term for the purposes of this section shall mean a continuous completed period of prison incarceration imposed for the particular offense alone or in combination with concurrent or consecutive sentences for other crimes, including any reimprisonment on revocation of parole which is not accompanied by a new commitment to prison, and including any reimprisonment after an escape from such incarceration."[2]

In interpreting section 667.5, many courts have discussed its language and its application to the usual, and not so usual, situation. Courts have deciphered the language of this provision to determine what is a "prior separate prison term."[3]

The discussions in *People* v. *Jones, supra,* 203 Cal.App.3d 456 and *People* v. *Green, supra,* 134 Cal.App.3d 587 concentrated on whether the evidence presented by the prosecution proved the defendants had "served" and "completed" the prior offense as charged. These courts determined, on the facts before them, that the prosecutors had failed to prove prima facie cases. In *People* v. *Jones,* the court found an abstract of judgment "showing the fact of a felony conviction and a sentence to the state prison, [was] insufficient to prove [the defendant] served a prior completed prison term . . . ." (203 Cal.App.3d at p. 458.) In *People* v. *Green,* the court found a certified copy of an abstract of judgment showing the defendant was sentenced to prison, documents showing the defendant had been transported

---

[2] Subsequent to the date of appellant's offense, Penal Code section 667.5 was amended numerous times. (Stats. 1988, ch. 70 § 1; Stats. 1988, ch. 89, § 1.5; Stats. 1988, ch. 432, § 1; Stats. 1988, ch. 1484, § 1; Stats. 1988, ch. 1487, § 1.1; Stats. 1989, ch. 1012, § 1.) These changes did not affect the pertinent portions of the statute, as quoted above.

[3] See, e.g., *People* v. *Espinoza* (1979) 99 Cal.App.3d 59 [159 Cal.Rptr. 894]; *People* v. *Butler* (1980) 104 Cal.App.3d 868 [162 Cal.Rptr. 913]; *In re Jessup* (1980) 109 Cal.App.3d 161 [167 Cal.Rptr. 98]; *People* v. *Mathews* (1980) 102 Cal.App.3d 704 [162 Cal.Rptr. 615]; *People* v. *Shivers* (1986) 181 Cal.App.3d 847 [226 Cal.Rptr. 293]; *People* v. *Ruiz* (1982) 130 Cal.App.3d 758 [181 Cal.Rptr. 875]; *In re Hawkins* (1980) 103 Cal.App.3d 621 [163 Cal.Rptr. 201]; *People* v. *James* (1980) 102 Cal.App.3d 728 [162 Cal.Rptr. 548]; *People* v. *Burke* (1980) 102 Cal.App.3d 932 [163 Cal.Rptr. 4]; *People* v. *Cardenas* (1987) 192 Cal.App.3d 51 [237 Cal.Rptr. 249].

soon thereafter from the county jail to a prison, and a receipt and envelope addressed to the defendant in prison, were insufficient to prove the defendant's sentence was completed.

We disagree with the conclusions reached in *Jones* and *Green* and agree with *People* v. *Castillo, supra*, 217 Cal.App.3d 1020. The conclusions of *Jones* and *Green* obscure the legislative intent and if applied without attention to a practical reading of the statute, and to the ordinary rules of evidence, merely establish an unintended loophole which protects rather than punishes the career criminal. ■ While ambiguous criminal statutes should be construed favorably to defendants (*People* v. *Burke, supra*, 102 Cal.App.3d at p. 944), such construction must be "according to the fair import of [the statute's] terms, with a view to effect its objects and to promote justice." (Pen. Code, § 4.)

■ The inclusion of enhancements for prior convictions and prior prison terms was intended to increase penalties for repeat offenders in the hope of deterring recidivism. (*People* v. *Espinoza, supra*, 99 Cal.App.3d at p. 74.) In line with this objective (*In re Panos* (1981) 125 Cal.App.3d 1038, 1041 [178 Cal. Rptr 483]) Penal Code section 667.5 increases sentences for repeat offenders, "depending on the nature of the current crime and the nature of the prior crime or crimes. (§ 667.5, subds. (a) and (b).)" (*People* v. *Espinoza, supra*, 99 Cal.App.3d at p. 68.) Subdivisions (a) and (b) of Penal Code section 667.5 require the defendant to have "served" prior prison terms. Subdivision (g) requires the prior prison term to have been "completed." In defining the term "completed," *People* v. *Espinoza, supra*, 99 Cal.App.3d at page 72 examined the statutory scheme and stated: "[A] term of imprisonment expires prior to release on parole. A term of imprisonment which has expired, has been 'completed.' We conclude, therefore, that a term of imprisonment is 'completed' at the expiration of the stated term notwithstanding the undoubted legal truism that additional imprisonment on revocation of parole is referable to and in legal theory a part of an original term . . . ." ■ Thus, an enhancement for a prior conviction is proper if a defendant commits a second crime while on parole from a former. (See, e.g., *Ibid.*) In order to prevent overzealous prosecutors from overcharging (see, e.g., *In re Panos, supra*, 125 Cal.App.3d at pp. 1041-1042), words were added to subdivision (g) to restrain the prosecution from treating "the service of a single sentence to state prison interrupted by a period on parole as two prior prison terms, giving rise to two one-year enhancements." (*People* v. *Espinoza, supra*, 99 Cal.App.3d at p. 71.) As a practical matter, a defendant properly sentenced and delivered to a prison would always complete a prison term unless something unusual occurs, e.g., the defendant escapes. (See, e.g., *People* v. *George* (1980) 109 Cal.App.3d 814 [167 Cal.Rptr. 603].)

Evidence Code sections 660 and 664 provide a rebuttable presumption affecting the burden of proof that official duties are regularly performed.[4] This presumption has been applied in a variety of criminal law contexts. (See, e.g., *People* v. *Guevara* (1982) 132 Cal.App.3d 193, 197-198 [183 Cal.Rptr. 18] [in absence of contrary showing, it is presumed defendant was arraigned]; *People* v. *Waite* (1983) 146 Cal.App.3d 585, 595 [194 Cal.Rptr. 245] disapproved on other grounds in *People* v. *Jones* (1988) 46 Cal.3d 585, 592, fn. 4 [250 Cal.Rptr. 635, 758 P.2d 1165] [in absence of contrary showing, it is presumed the court considered sending defendants to California Youth Authority]; *People* v. *Carbonie* (1975) 48 Cal.App.3d 679, 685 [121 Cal.Rptr. 831] [on silent record, it is presumed officer had consent to install wiretap].)

■ Abstracts of judgment in matters imposing imprisonment in state prison are orders sending the defendant to prison and imposing the duty upon the warden to carry out the judgment. (*In re Black* (1967) 66 Cal.2d 881, 889-890 [59 Cal.Rptr. 429, 428 P.2d 293]; Pen. Code §§ 1213, 1213.5, 1216, 2900.)

■ The state has the burden of proving defendants "suffered" a prior conviction as specified in Penal Code section 667.5. In presenting a prima facie case, the usual rules of evidence are applicable.[5] Thus, a court is allowed to make reasonable inferences from the facts presented. If there is no evidence to the contrary, the court may consider the appropriate abstract of judgment and the facts of the particular case, and utilizing the official duty presumption, find a defendant served and completed the term of imprisonment. (See, e.g., *People* v. *Castillo, supra,* 217 Cal.App.3d 1020.)

■ Here, the evidence considered by the court to show appellant suffered a prior conviction consisted of certified copies of the docket sheets of two cases, along with their respective judicial files, of which the court took judicial notice. The judicial files contained abstracts of judgments. These documents showed that in 1987 appellant pled guilty in case No. A573460 to a charge of possessing cocaine, for which he was sentenced to two years on June 5, 1987. At the time appellant entered the plea in case No. A573460, appellant was in violation of probation in case No. A570608, also a possession of cocaine charge. When the court accepted his plea in case No. A573460, the court also revoked appellant's probation in case No. A570608 and sentenced him to state prison for a concurrent three-year term. The court ordered appellant "remanded to the custody of the sheriff

---

[4] The presumption does not apply to the issue of the lawfulness of an arrest.

[5] Prosecutors frequently establish a prima facie case by submitting certified copies of records from incarceration institutions (prison packets) as authorized in Penal Code section 969b.

of this county to be delivered to the reception and guidance center at Chino, California, to carry out the sentence." The abstract of judgment indicated appellant was remanded to the sheriff's custody "forthwith." Additionally, one court file included an official record from the Department of Justice entitled, "Notice of Registration Requirement." This document was signed by appellant and dated March 31, 1988. It indicated appellant was incarcerated and expected to be released on parole on May 30, 1988.[6]

This evidence provides substantial evidence to support the court's finding that appellant had "suffered" a prior conviction as charged.

There is no indication appellant did anything but serve and complete his prior term in the felony matter, case No. A573460. Nothing in the record indicates appellant escaped. All facts show appellant was incarcerated as ordered. There is no indication he was not released on parole, as anticipated. Presuming the authorities carried out their duties to incarcerate appellant as ordered (Evid. Code, §§ 660, 664), that he remained in custody as sentenced and appellant was released on parole as expected, appellant's sentence was "served" and "completed" prior to committing the instant crime which occurred on December 8, 1988. The court properly concluded appellant served and completed his prior sentence.

The judgment is affirmed.

Boren, J., and Turner, J., concurred.

Appellant's petition for review by the Supreme Court was denied September 26, 1990.

---

[6]This document also showed appellant anticipated living in Altadena, California, a city near the Pasadena crime scene.