Filed 6/20/13  P. v. Hernandez CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>RIGOBERTO RICARDO HERNANDEZ, JR.,<br><br>    Defendant and Appellant. | G047071<br><br>(Super. Ct. No. 11HF0141)<br><br>O P I N I O N |

        Appeal from a judgment of the Superior Court of Orange County, Gregg L. Prickett, Judge.  Affirmed.

        Meldie Moore, under appointment by the Court of Appeal, for Defendant and Appellant.

        No appearance for Plaintiff and Respondent.

*        *        *

A jury convicted defendant Rigoberto Ricardo Hernandez, Jr., of felony driving under the influence of alcohol (Veh. Code, § 23152, subd. (a) (DUI))[1] and felony driving with a blood-alcohol concentration of .08 percent or more (§ 23152, subd. (b)) and, as to both offenses, found true the allegation defendant had a blood alcohol-concentration of .20 percent or more (§ 23538, subd. (b)(2)).  The trial court found true the allegations defendant had suffered a prior felony conviction for DUI within 10 years (§ 23550, subd. (a)), and defendant had served three prior prison terms but did not remain free of custody for a period of five years prior to the commission of the above felony offenses (Pen. Code, § 667.5, subd. (b)).  Defendant also pleaded guilty to misdemeanor driving on a suspended license (§ 14601.2, subd. (a)).

Defendant was sentenced to a total term of five years in prison consisting of the two-year midterm for DUI, plus three consecutive one-year prison priors, plus a separate consecutive 180-day sentence for driving on a suspended license.  He filed a timely appeal.

We appointed counsel to represent defendant on appeal.  While not arguing against defendant, counsel filed a brief which fully set forth the facts of the case and advised us there were no arguable issues on appeal.  The brief included a review of the record and consideration of possible arguments, but concluded none of those arguments had any chance of success.

We informed defendant he had 30 days to file written argument on his own behalf.  Three months have passed and we have received no such argument.  We have reviewed the record of defendant's trial and the brief filed by defendant's counsel, and find ourselves in agreement with defendant's counsel:  There is no arguable error in the proceedings against defendant.  (*People v. Wende* (1979) 25 Cal.3d 436.)

---

[1]  Unless otherwise indicated all subsequent statutory references are to this code.

FACTS

About 4:30 p.m. on November 25, 2010, California Highway Patrol Officer Staab observed a car pull over to the right shoulder ahead of him on the northbound I-5 freeway.  As Staab drove past, he saw defendant open the driver door and stagger out of the car with wet pants.  Staab did not see anyone else in the car.

Unable to pull over due to traffic, Staab drove to the next off-ramp, exited the freeway, turned back around headed south, and reentered approximately two minutes later at an on-ramp below where he saw the car pull over.  As Staab drove toward the area, he observed defendant walking towards him about 30 yards from the car.

Staab spoke to defendant and immediately noticed a very strong odor of alcohol and urine.  He also observed defendant had red eyes.  When asked for his identification, defendant handed Staab his bank card.  Defendant denied drinking but admitted driving and said the car had broken down.

Staab began a DUI investigation by asking defendant more questions. Defendant then admitted he had a couple of beers between 8:00 a.m. and 2:00 p.m. Defendant failed the field sobriety tests and his blood-alcohol concentration was measured at .244 and .238 percent on the preliminary alcohol screening device.

Staab arrested defendant for DUI.  Defendant was searched and the keys to the car and a cell phone were found in his pocket.  Test results later indicated he had a blood-alcohol concentration of .20 percent.  The forensic scientist extrapolated back to a blood-alcohol level of .22 and .23 percent at the time of driving.

Defendant's 71-year-old uncle testified he was with defendant on the day in question, and he was the one who was driving the car on the freeway, not defendant.  He said the car broke down, and he pulled over to the shoulder.  Because the uncle did not have a cell phone, he walked away to find help, leaving defendant in the car.  When he returned 30 to 40 minutes later, defendant and the car were gone.

DISCUSSION


We have carefully scrutinized the trial record. Viewing the evidence in the light most favorable to the verdict, as we are required to do (*People v. Young* (2005) 34 Cal.4th 1149, 1180), we conclude there was plenty of reasonable, credible, and solid evidence to support the verdict beyond a reasonable doubt. (*People v. Johnson* (1980) 26 Cal.3d 557, 578.) In fact, the case against defendant was overwhelming.

Appellate counsel considered a potential juror misconduct issue. According to the clerk's transcript, at some point during jury selection defense counsel told the court her client overheard a prospective juror say, "I would find this guy guilty so we could go home." The parties agreed not to use this juror and voir dire continued. The reporter's and clerk's transcripts are silent as to how that juror was excused, and the reporter's transcript does not contain anything about this incident.

The juror misconduct here, if any, was appropriately addressed by promptly dismissing the juror in question. Since the juror who made the offending statement was dismissed by agreement of the parties, no hearing was required to determine if there was good cause to discharge that juror. Furthermore, there is nothing in the record which indicates any other juror overheard the statement. Finally, we note defense counsel did not move for a mistrial and, as a result, any potential claim of juror misconduct is forfeited. (*People v. Russell* (2010) 50 Cal.4th. 1228, 1250.)

For these same reasons we perceive no "good cause" to support a posttrial petition for access to juror contact information (Code of Civ. Proc., § 237, subd. (b)) and thus no deficiency in defense counsel's failure to file any such petition.

Appellate counsel considered three potential sentencing issues but we find no sentencing errors. First, the prison prior enhancements were correctly imposed. The record amply supports the trial court's finding "defendant has been convicted [on] three separate occasions of felony offenses, sentenced to prison, and has not been . . . free for a

4

continuous five-year period . . . . " As to the 1995 and 1996 prior convictions, defendant was discharged from parole on July 5, 2002 and September 3, 2008, respectively. As to the 2005 prior conviction, while defendant was likely still on parole at the time he committed the current offenses, that fact does not bar imposition of a separate one-year enhancement in this case. (*In re Jessup* (1980) 109 Cal.App.3d 161, 163-164.)

Second, with respect to the possibility the trial court abused its discretion by refusing to place defendant on probation, we note defendant's prior conviction history rendered him presumptively ineligible for probation "[e]xcept in unusual cases where the interests of justice would best be served if the person is granted probation . . . ." (Pen. Code, § 1203, subd. (e).) No such unusual circumstances are present here. As the trial court noted defendant has at least five prior DUI convictions, and in three of those cases he was sentenced to state prison. These facts alone support the trial court's decision to deny probation.

Third, with respect to the possibility the trial court abused its discretion by imposing a consecutive rather than a concurrent sentence for driving on a suspended license, while the crimes were not "committed at different times or separate places" (Cal. Rules of Court, rule 4.425(a)(3)), the "crimes and their objectives were predominantly independent of each other" (Cal. Rules of Court, rule 4.425(a)(1)) and nothing in the record indicates "a single period of aberrant behavior" (Cal. Rules of Court, rule 4.425(a)(3)). Under these circumstances the trial court was well within its discretion to sentence consecutively.

We find nothing about the conduct of this trial or the sentencing of defendant that was improper. The trial was fairly conducted and the trial court sentenced appropriately. Appellate counsel was right: there are no issues on appeal.

DISPOSITION

The judgment is affirmed.

THOMPSON, J.

WE CONCUR:

O'LEARY, P. J.

MOORE, J.