TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

| | | |
|---|---|---|
| OPINION | : | |
| | : | No. 94-1109 |
| of | : | |
| | : | May 10, 1995 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| CLAYTON P. ROCHE | : | |
| Deputy Attorney General | : | |
| | : | |

_____


THE HONORABLE BRUCE McPHERSON, MEMBER OF THE CALIFORNIA ASSEMBLY, has requested an opinion on the following question:

Does the seismic strengthening of an unreinforced masonry building required by local ordinance constitute a "building alteration, structural repair or addition" for purposes of providing access to the building for disabled persons?

CONCLUSION

The seismic strengthening of an unreinforced masonry building required by local ordinance constitutes a "building alteration, structural repair or addition" for purposes of providing access to the building for disabled persons.

ANALYSIS

This request for our opinion involves the requirements for providing access to public buildings for disabled persons as set forth in sections 4550-4558 of the Government Code[1] and administered by the State Architect. Section 4450 provides:

_____

[1]All references hereafter to the Government Code are by section number only.

1.                                                                94-1109

"(a)  It is the purpose of this chapter to ensure that all buildings, structures, sidewalks, curbs, and related facilities, constructed in the state by the use of state, county, or municipal funds, or the funds of any political subdivision of the state shall be accessible to and useable by persons with disabilities.  The State Architect shall develop and submit proposed building standards to the California Building Standards Commission for approval and adoption . . . and shall develop other regulations for making buildings, structures, sidewalks, curbs, and related facilities accessible to and useable by persons with disabilities. The regulations and building standards relating to access for persons with disabilities shall be consistent with the standards for buildings and structures which are contained in pertinent provisions of the latest edition of the Uniform Building Code . . . and these regulations and building standards shall contain additional requirements relating to buildings, structures, sidewalks, curbs, and other related facilities as the State Architect determines are necessary to assure access and usability for persons with disabilities. . . .

"(b)  However, in no case shall the State Architect's regulations and building standards prescribe a lesser standard of accessibility or usability than provided by the Accessibility Guidelines prepared by the federal Access Board as adopted by the United States Department of Justice to implement the Americans with Disabilities Act of 1990 (Public Law 101-336)."

Subdivision (d) of section 4451 provides:

"Until building standards are published in the California Building Standards Code and other regulations are developed by the State Architect and adopted by the California Building Standards Commission pursuant to Section 4450, buildings, structures, sidewalks, curbs, and related facilities subject to the provisions of this chapter or Part 5.5 (commencing with Section 19955) of Division 13 of the Health and Safety Code shall meet or exceed the requirements of Title III of Subpart D of the Americans with Disabilities Act of 1990."[2]

The disability access requirements are applicable to existing public buildings "when alterations, structural repairs or additions are made."   Section 4456 states:

". . . any building or facility which would have been subject to this chapter but for the fact it was constructed prior to November 13, 1968, shall comply with the provisions of this chapter when alterations, structural repairs or additions are made to such building or facility.  This requirement shall only apply to the area of specific

---

[2]We note that sections 4450-4458 are applicable not only to public buildings, but also "public accommodations or facilities constructed in this state with private funds."  (Health & Saf. Code, §§ 19952-19954, §§ 19995-19999; see generally *City and County of San Francisco* v. *Grant Co.* (1986) 181 Cal.App.3d 1085; *People Ex Rel. Deukmejian* v. *CHE, Inc.* (1983) 150 Cal.App.3d 123; *Marsh* v. *Edwards Theatre Circuits, Inc.* (1976) 64 Cal.App.3d 881.)

alteration, structural repair or addition and shall not be construed to mean that the entire structure or facility is subject to this chapter."

By regulation the State Architect requires compliance with the disability access requirements at the time of "renovation, structural repair, alteration and additions to existing buildings . . . ." (Cal. Code Regs., tit. 24, § 3109A.) Thus the access requirements are imposed upon the owners of existing public buildings only when construction is underway and the opportunity to mitigate deficiencies is at hand. (See Cal. Code Regs., tit. 24, § 110.) Also, certain exceptions are allowed with respect to historic buildings (Cal. Code Regs., tit. 24, §§ 8-1300--8-1306), elevators (Cal. Code Regs., tit. 24, § 5103), and a monetary limitation is placed upon the amount required to be spent to correct any deficiencies (Cal. Code Regs., tit. 24, § 3112). A general statutory exception to the literal requirements is authorized "when it is clearly evident that equivalent facilitation and protection are thereby secured." (§ 4451, subd. (f).)

The applicable definitions in the regulations governing earthquake design specify in relevant part:

"ADDITION means any work which increases the floor or roof area or the volume of enclosed space of an existing building and is dependent on the structural elements of that facility for vertical or lateral support.

"ALTERATION means any change in an existing building which does not increase and may decrease the floor or roof area or the volume of enclosed space.

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"STRUCTURAL REPAIRS are any changes affecting existing or requiring new structural elements primarily intended to correct the effects of deterioration or impending or actual failure, regardless of cause." (Cal. Code Regs., tit. 24, § 2331.)

On February 8, 1994, the State Architect issued Policy No. 94-01, reaffirming his 1991 administrative determination that the seismic strengthening of an unreinforced masonry building would constitute a "building alteration, structural repair or addition" for purposes of providing access to the building for disabled persons. We are asked whether the State Architect's administrative determination is correct. We conclude that it is.

In 61 Ops.Cal.Atty.Gen. 555 (1978), we construed the language of section 4556 as it applied to a city library at the time its front porch and walkway were restored and modernized. We concluded that section 4556 required the restored area to be made accessible to and usable by disabled persons. With respect to whether the modifications constituted "alterations, structural repairs or additions" within the meaning of the statute, we stated:

"An `alteration' is a change or modification in construction (Webster's Internat. Dict. (3d ed. 1966) p. 63; U. Bldg. Code (12973) § 402, p. 36); a `structural repair' is a reconstruction or renewal of an essential element of a facility for the purpose of its

maintenance (Webster's New Internat. Dict. (3d ed. 1966) pp. 1923, 2266; U. Bldg. Code (1973) § 419, p. 42); an `addition' is an extension by the joining of one thing to another (Webster's New Internat. Dict. (3d ed. 1966) p. 24; U. Bldg. Code (1973) § 402, p.36).

"The facilities in question have been changed in a material manner, not merely restored to their original condition. We are not concerned here with simple maintenance, such as the patching of cracks in the steps. Moreover, these front entrance facilities are not ornamental in nature but are essential to the use of the library. Covering the facilities with concrete and increasing the number of steps thus constitute construction modifications of essential elements (with the addition of the side handrails) for the purpose of providing safe access to the general public.

"Taken as a whole, we conclude that these modifications to the library's front entrance facilities come within the meaning of `alterations, structural repairs or additions' as those terms are used in section 4456." (*Id*. at p. 557.)

In 76 Ops.Cal.Atty.Gen. 130 (1993), we examined the requirements of the federal Americans with Disabilities Act of 1990 to public buildings in California. We stated in part:

"The Americans With Disabilities Act of 1990 (Pub.L. No. 101-336; 42 U.S.C. § 12101, et seq.; hereafter "ADA") was enacted by Congress as a civil rights statute to deal with discrimination against individuals with disabilities in the areas of employment (Title I), public services (Title II), and in the construction or alteration of places of public accommodation or commercial facilities (Title III). Unlawful discrimination occurs under Title III when a private party designs and constructs a new public accommodation or commercial facility, or alters an existing one, and fails to make the facility `readily accessible to and useable by individuals with disabilities.' (§ 303.) Title III is implemented by regulations issued by the United States Attorney General (§ 306(b)), and the standards included in the regulations are required to be consistent with the minimum guidelines and requirements promulgated by the Architectural and Transportation Barriers Compliance Board (§ 306(c)).

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

". . . Government Code section 4450 ensues `that all buildings, structures, sidewalks, curbs, and related facilities, constructed in this state by the use of state, county, or municipal funds, or the funds of any political subdivision of the state shall be accessible to and useable by individuals with disabilities.' Under this statute the State Architect has adopted regulations and building standards necessary to assure access to and useability of public buildings by individuals with disabilities. The same regulations are made applicable by Health and Safety Code sections 19955 and 19956 to public accommodations or facilities constructed with private funds. Chapter 913 added the directive with respect to these statutes that `in no case shall the State Architect's regulations and building standards prescribe a lesser standard of

accessibility or useability than provided by regulations of the Federal Architectural and Transportation Barriers compliance Board adopted to implement the Americans With Disabilities Act of 1990.' (Gov. Code, § 4450, subd. (b).)" (*Id*., at pp. 131-133, fns. omitted.)

The regulations mentioned in our 1993 opinion that were issued by the United States Attorney General implementing the federal access requirements provide in part as follows:

"(a) *General*. (1) Any alteration to a place of public accommodation or a commercial facility, after January 26, 1992, shall be made so as to ensure that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs.

"(2) An alteration is deemed to be undertaken after January 26, 1992, if the physical alteration of the property begins after that date.

"(b) *Alteration*. For the purposes of this part, an alternation is a change to a place of public accommodation or a commercial facility that affects or could affect the usability of the building or facility or any part thereof.

"(1) Alterations include, but are not limited to, remodeling, renovation, rehabilitation, reconstruction, historic restoration, changes or rearrangement in structural parts or elements, and changes or rearrangement in the plan configuration of walls and full-height partitions. Normal maintenance, reroofing, painting or wallpapering, asbestos removal, or changes to mechanical and electrical systems are not alterations unless they affect the usability of the building or facility.

"(2) If existing elements, spaces, or common areas are altered, then each such altered element, space, or area shall comply with the applicable provisions of appendix A to this part.

"(c) *To the maximum extent feasible*. The phrase `to the maximum extent feasible,' as used in this section, applies to the occasional case where the nature of an existing facility makes it virtually impossible to comply fully with applicable accessibility standards through a planned alteration. In these circumstances, the alteration shall provide the maximum physical accessibility feasible. Any altered features of the facility that can be made accessible shall be made accessible. If providing accessibility in conformance with this section to individuals with certain disabilities (e.g., those who use wheelchairs) would not be feasible, the facility shall be made accessible to persons with other types of disabilities (e.g., those who use crutches, those who have impaired vision or hearing, or those who have other impairments)." (28 C.F.R. § 36.402 (1994).)

We agree with the State Architect that the seismic strengthening of an unreinforced masonry building constitutes a "building alteration, structural repair or addition" for purposes of

providing access to the building for disabled persons. Seismic strengthening is structural, not cosmetic or decorative. Undeniably, it goes beyond normal maintenance; its purpose is to affect the basic usability of the building itself. In comparison to federal law, California law provides equal if not greater access for disabled persons. (§§ 4450-4451.) Seismic strengthening constitutes an "alteration" under federal law. (28 C.F.R. § 36.402 (1994).) The State Architect's imposition of access requirements for the seismic strengthening of unreinforced masonry buildings is thus consistent with the federal statutory scheme and implementing regulations.

Moreover, as the public official charged with implementing the state legislation in question, the State Architect's interpretation of section 4556 with respect to seismic strengthening is entitled to great weight. (See *Norman* v. *Unemployment Ins. Appeals Bd.* (1983) 34 Cal.3d 1, 8; *In Re Kelly* (1983) 33 Cal.3d 267, 277; *Adamson* v. *Department of Social Services* (1988) 207 Cal.App.3d 14, 22.)

Accordingly, we conclude that the seismic strengthening of an unreinforced masonry building required by local ordinance constitutes a "building alteration, structural repair or addition" for purposes of providing access to the building for disabled persons.

\* \* \* \* \*