99 F.3d 1146
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Alejandro MADRID, Petitioner-Appellant,
v.
STATE OF CALIFORNIA, Respondent-Appellee.
 No. 95-16925.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 7, 1996.
Decided Oct. 18, 1996.
 
 Before: WOOD,* SCHROEDER, and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alejandro Madrid, a California state prisoner, appeals the denial of his habeas corpus petition under 28 U.S.C. § 2254. We affirm.
 
 
 3
 Madrid was convicted in 1992 of possession of a weapon by a state prisoner. The California Court of Appeals and California Supreme Court affirmed his conviction. In his habeas petition, he asserted a number of constitutional trial errors, some of which the district court dismissed for procedural default and some of which it denied on the merits. We turn first to the procedurally defaulted claims.
 
 Procedural Default
 
 4
 In his appeal to the California Court of Appeal, Madrid tried to raise five constitutional claims in two supplemental pro se briefs. His lawyer had refused to include these arguments in the brief she filed on his behalf. The Court of Appeal rejected these claims, relying on a California rule that courts need not address pro se briefs filed by a party represented by counsel. See People v. Mattson, 51 Cal.2d 777, 798 (1959).
 
 
 5
 Federal constitutional claims denied in state court on adequate and independent state procedural grounds cannot again be asserted in a federal habeas proceeding. Coleman v. Thompson, 501 U.S. 722, 729 (1991); Harris v. Reed, 489 U.S. 255, 262 (1989). The question in this case is whether the state ground for rejecting the pro se briefs was adequate. To be considered adequate, the rule must be "consistently and regularly applied," Johnson v. Mississippi, 486 U.S. 578, 587 (1988), but it need not be followed in every case so long as it is applied evenhandedly in most cases. See Dugger v. Adams, 489 U.S. 401, 410 n. 6 (1989). We find that the state rule in Mattson is adequate under this standard. Although Madrid points to a few cases in which California courts chose to address a pro se brief from a party represented by counsel, these examples do not suggest that the rule is inconsistently followed in general.
 
 
 6
 Citing In re Cathey, 55 Cal.2d 679, 684-85 (1961), Madrid argues that the Mattson rule was incorrectly applied to his pro se reply brief, which his lawyer filed on his behalf. Even so, California law also bars consideration of arguments raised for the first time in a reply brief. See People v. Adams, 216 Cal.App.3d 1431, 1440-41 n. 2 (1990). We find that this ground was adequate as well. Under either rationale, the California Court of Appeal's decision did not "fairly appear to rest" on federal law, see Coleman, 501 U.S. at 734-36, and the district court properly dismissed the claims as procedurally defaulted.[1]
 
 Reasonable Doubt Instruction
 
 7
 Madrid never raised in the district court his claim that the trial court's jury instruction referring to "moral certainty" impermissibly diluted the prosecution's burden of proof. As a result, we need not address it here. In any event, the Supreme Court has upheld the use of the exact jury instruction given in this case. Victor v. Nebraska, 114 S.Ct. 1239, 1248 (1994).
 
 
 8
 Failure to Preserve Allegedly Exculpatory Evidence
 
 
 9
 We agree with the district court that the boxer shorts were at best potentially exculpatory in light of the other strong evidence that the nail found in the cell belonged to Madrid. As a result, to show a violation of due process, Madrid needed to show that the evidence was destroyed intentionally and in bad faith. Arizona v. Youngblood, 488 U.S. 51, 58 (1988). He has not done so, and the district court correctly rejected this claim.
 
 Comment on Madrid's Failure to Testify
 
 10
 At trial, the prosecutor referred to a witness' testimony about the use of nails by inmates to make weapons as unrebutted. Although the prosecution cannot directly refer to the defendant's failure to testify, Griffin v. California, 380 U.S. 609, 615 (1965), it can call attention to the defense's failure to present exculpatory evidence generally. United States v. Mayans, 17 F.3d 1174, 1185 (9th Cir.1994). The prosecutor's comment fell into the latter category and therefore did not violate Madrid's privilege against self-incrimination.
 
 Sentence Enhancement
 
 11
 The trial court imposed an additional one-year sentence under Cal.Penal Code § 667.5(b) because Madrid had served a "prior separate prison term" for a 1983 felony conviction for which he was paroled in 1985. The California Supreme Court has defined "prior separate prison term" as the time a defendant has spent in prison before being released on parole. In re Kelly, 33 Cal.3d 267, 270-71 (1983). As a result, when Madrid was sent back to prison in 1989 for a new offense, the prior term was correctly deemed "separate." Consequently, the sentence enhancement was justified under California law and did not violate due process.
 
 Conclusion
 
 12
 The judgment of the district court is affirmed.
 
 
 
 *
 Hon. Harlington Wood, Jr., Senior United States Circuit Judge for the Seventh Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We also find that there was no cause for the default and prejudice from it that would bring Madrid's claims within an exception to the procedural default doctrine. See Murray v. Carrier, 477 U.S. 478, 485 (1986). Madrid argues that his attorney's refusal to raise his claims constitutes cause, but we find that it does not rise to the level of constitutionally ineffective assistance of counsel required to show cause under Coleman. 501 U.S. at 753. We also reject as without merit his further claim that he was impermissibly required to choose between his right to counsel on direct appeal and his right to federal habeas review of all claims