132 Cal.Rptr.2d 617 (2003)
107 Cal.App.4th 959
The PEOPLE, Plaintiff and Respondent,
v.
Walter Shane LANGSTON, Defendant and Appellant.
No. C037845.
Court of Appeal, Third District.
April 9, 2003.
Review Granted June 25, 2003.
Robert D.McGhie, under appointment by the Court of Appeal, Forest Ranch, for Defendant and Appellant.
Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Jo Graves, Senior Assistant Attorney General and Janis Shank McClean, Deputy Attorney General, for Plaintiff and Respondent.
Certified for Partial Publication.[*].
MORRISON, J.
Defendant Walter Shane Langston was convicted by a jury of first degree burglary (Pen.Code, §§ 459, 460, subd. (a); further undesignated statutory references are to the Penal Code) and receiving stolen property (§ 496, subd. (a)). The trial court found defendant had served three prior prison terms within the meaning of section 667.5, subdivision (b). The trial court imposed the upper term of six years for the burglary, the upper term of three years for the receipt of stolen property to be stayed pursuant to section 654, and three consecutive one-year terms for the prior prison terms with one of those terms stayed pursuant to section 667.5, subdivisions (d) and (g), for an aggregate prison term of eight years.
We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (People v. Wende (1979) 25 Cal.3d 436, 158 Cal.Rptr. 839, 600 P.2d 1071.) After a review of the record, we directed counsel to submit briefing on whether defendant's prior prison term served for conviction of section *618 4530, subdivision (b) [escape] constitutes a separately served prison term within the meaning of section 667.5, subdivision (b), and if so, whether the trial court had the authority to stay the one-year enhancement after having found the prior prison term allegation true.
Defendant also filed a supplemental brief contending the trial court: (1) violated his due process rights by allowing the information to be amended to add allegations of prior felony convictions; (2) improperly made dual use of his prior convictions to impose both upper term and consecutive sentences; (3) failed to instruct the jury on perjury; (4) did not find his 1999 prior conviction true and based its finding of his 1992 prior conviction true on insufficient evidence.
We find the issues raised in defendant's supplemental brief lack merit. We conclude, however, that the trial court improperly found true the one-year prior prison term enhancement for defendant's 1994 escape conviction. Therefore, we shall modify the judgment to strike the enhancement.

DISCUSSION

I

Stay of Enhancement for Defendant's Prior Prison Term
The record indicates that the trial court found defendant had served three prior prison terms within the meaning of section 667.5, subdivision (b). Although the court imposed the one-year enhancements for defendant's 1992 and 1999 prior prison terms, it stayed the one-year enhancement as to the prior prison term for defendant's 1994 section 4530, subdivision (b) [escape], conviction "pursuant to section 667.5 [subdivisions (d) and (g) ]." It stayed the enhancement because, while it found it was "a legitimate conviction in that he was convicted of the offense on the date indicated on the count ... indicated" and that he did serve the state prison sentence, it was unclear whether the term was "separately served."
Section 667.5, subdivision (b) provides for an enhancement of the prison term for a new offense of one year for each prior separate prison term served for any felony, except those previous prison terms unavailable for enhancement by operation of the five-year "washout" period. Once the prior prison term is found true, the imposition of the additional one-year term is mandatory unless stricken. (See People v. Jones (1992) 8 Cal.App.4th 756, 758, 10 Cal.Rptr.2d 502; People v. Eberhardt (1986) 186 Cal.App.3d 1112, 1122-1123, 231 Cal.Rptr. 387.) Thus, once the prior prison term is found true within the meaning of section 667.5, subdivision (b), the trial court may not stay the one-year enhancement.
The question presented in this case is whether defendant's prison term for nonviolent escape from prison is a separate prison term within the meaning of section 667.5, subdivision (b). For the reasons that follow, we conclude it is not.
Subdivisions (b), (d) and (g) of section 667.5 require that, in order to qualify for the enhancement, the prison terms must be served separately. Specifically, section 667.5, subdivision (d), provides: "For the purposes of this section, the defendant shall be deemed to remain in prison custody for an offense until the official discharge from custody or until release on parole, whichever first occurs, including any time during which the defendant remains subject to reimprisonment for escape from custody or is reimprisoned on revocation of parole. The additional penalties provided for prior prison terms shall not be imposed unless they are charged *619 and admitted or found true in the action for the new offense."
Subdivision (g) of section 667.5 provides: "A prior separate prison term for the purposes of this section shall mean a continuous completed period of prison incarceration imposed for the particular offense alone or in combination with concurrent or consecutive sentences for other crimes, including any reimprisonment on revocation of parole which is not accompanied by a new commitment to prison, and including any reimprisonment after an escape from incarceration." (Italics added.)
The plain language of subdivision (g) indicates that after a defendant is committed to state prison, additional concurrent or consecutive sentences imposed in the same or subsequent proceedings are deemed to be part of the same prison term, including any reimprisonment after an escape from incarceration. (See People v. Burke (1980) 102 Cal.App.3d 932, 943-944, 163 Cal.Rptr. 4.) The statute does not distinguish between reimprisonments after escape which are and are not accompanied by a new commitment. The plain language of subdivision (g) is made even more clear upon consideration of its history.
As originally enacted in Statutes 1976, chapter 1139, section 268, section 667.5, subdivision (g) read as follows: "A continuous completed period of prison incarceration imposed for the particular offense alone or in combination with sentences for other counts or sentences to be served concurrently or consecutively therewith including any reimprisonment on revocation of parole or new commitment for escape from such incarceration shall be deemed a single prior separate term for the purposes of this section." (Italics added.) The Legislature then amended section 667.5, subdivision (g) in Statutes 1977, chapter 165, section 13, to its current form, to differentiate between a mere revocation of parole and the revocation of parole which is accompanied by a new commitment. (See In re Kelly (1983) 33 Cal.3d 267, 271, 188 Cal.Rptr. 447, 655 P.2d 1282.) The purpose of the amendment was to provide for an enhancement when a prisoner is returned to prison on revocation of parole and, at the same time, is incarcerated for a new offense. (Ibid.)
As noted by our Supreme Court, in contrast to the provision regarding parole revocation, "the 1977 amendment did not intrinsically change the phrase referring to reimprisonment after escape, which now reads: `... and including any reimprisonment after escape from such incarceration.' The only difference is that this phrase is no longer interrupted by the parole revocation wording. There is no qualifying phrase such as `which is not accompanied by a new prison commitment to prison.' ... It is obvious ... that the Legislature intended to differentiate between the escape and parole situations (and amend one and not the other)." (In re Kelly, supra, 33 Cal.3d at p. 271, fn. 4, 188 Cal.Rptr. 447, 655 P.2d 1282, italics added.) Thereafter, in explaining the application of subdivision (g) surrounding a parole revocation, the court commented that, "[I]f the person was returned to prison to finish term, for a parole violation or with a new commitment for escape, the period will count as a single prior prison term." (Id. at p. 276, 188 Cal.Rptr. 447, 655 P.2d 1282.) While much of the relevant language in In re Kelly is dicta, we find it well reasoned and persuasive. (See Smith v. County of Los Angeles (1989) 214 Cal.App.3d 266, 297, 262 Cal.Rptr. 754 [dicta of California Supreme Court carries persuasive weight and should be followed, especially where it demonstrates a thorough analysis of the issue or reflects compelling logic].)[1]
*620 Other courts have relied upon section 1170.1, subdivision (c), to reach the opposite conclusion. In People v. Carr (1988) 204 Cal.App.3d 774, 251 Cal.Rptr. 458, the court concluded that "[a]ny new prison sentence imposed on a new escape conviction would not constitute reimprisonment within the meaning of [section 667.5] subdivision (g)." (Id. at p. 780, fn. 8, 251 Cal.Rptr. 458.) In reaching that conclusion, the court relied on section 1170.1, subdivision (c), which provides in part: "In the case of any person convicted of one or more felonies committed while the person is confined in a state prison or is subject to reimprisonment for escape from custody and the law either requires the terms to be served consecutively or the court imposes consecutive terms, the term of imprisonment for all the convictions that the person is required to serve consecutively shall commence from the time the person would otherwise have been released from prison." (See also People v. Carr, supra, 204 Cal.App.3d at pp. 780-781, 251 Cal.Rptr. 458.) Thus, the Carr court concluded the term is, therefore, a separate, "`continuous completed'" term, which is available for enhancement under section 667.5. (Id. at pp. 780-781, 251 Cal.Rptr. 458.) The court in People v. White (1988) 202 Cal. App.3d 862, at pages 867-871, 249 Cal. Rptr. 165 applied similar reasoning. However, neither Carr nor White mentioned In re Kelly, supra, 33 Cal.3d 267, 188 Cal. Rptr. 447, 655 P.2d 1282, and neither undertook an analysis of the history of subdivision (g).
We recognize the apparent dichotomy between the definition of a separately served term for escape under sections 667.5 and 1170.1. Escape from prison, whether or not by force or violence, results by law in the imposition of a consecutive sentence. (§ 4530, subds.(a) and (b).) Statutorily, one convicted of escape from prison in violation of section 4530 comes within the express provisions of section 1170.1, subdivision (c), "which requires the term for escape be treated as a separate and additional term to be served consecutive to the remainder of the term under which the person convicted was already confined." (People v. Galliher (1981) 120 Cal.App.3d 149, 153, 174 Cal.Rptr. 467, original italics [referencing former § 1170.1, subdivision (b) which was redesignated subdivision (c) by the 1982 amendment].) However, "[t]he true legislative intent in enacting [section 1170.1,] subdivision (b) applicable to crimes committed by state prison inmates, is to require that they serve their full term for such conviction upon the completion of their term for other offenses for which they were convicted. The Legislature has thus made clear that a person who commits offenses while in prison is not entitled to the usual one-third of the middle term for the consecutively imposed sentences." (In re Sims (1981) 117 Cal.App.3d 309, 314, 172 Cal. Rptr. 608.) Unlike section 667.5, subdivision (g), section 1170.1 was not specifically enacted to assist in the interpretation of separately served prison terms for purposes of section 667.5. Moreover, since the enhancement must be found true within the meaning of section 667.5 and subdivision (g) specifically addresses the definition of a prior separate prison term for reimprisonment after an escape, we believe the express language in section 667.5 must prevail.
We do not find that our conclusion contradicts rational Legislative policy, despite *621 the contrary reasoning in People v. White, supra, 202 Cal.App.3d at pages 870-871, 249 Cal.Rptr. 165. In deciding that reimprisonment after conviction for escape fell within the provisions for enhancement under section 667.5, subdivision (b), the White court, reasoned: "[W]e believe our conclusion is consistent with the legislative intent to provide additional punishment for the recidivist, regardless of whether he commits a new felony inside prison or on the outside. Society is at a greater risk from a hardened criminal and the protection of society warrants harsher punishment for the habitual offender. [Citation.] It would indeed be an unfortunate anomaly if the defendant who escaped one day before his sentence was completed could avoid the application of section 667.5(b) because he was serving a prison term while his confederate who waited until his lawful release two days later before committing a new felony was subject to increased punishment for the prior convictions. To treat the in-prison recidivist more leniently than the out-of-prison recidivist is contrary to the legislative purpose underlying increased punishment for the habitual offender. [Citation.]" (Id. at pp. 870-871, 249 Cal.Rptr. 165.) However, as recognized by our Supreme Court in People v. Tenner (1993) 6 Cal.4th 559 at page 567, footnote 3, 24 Cal.Rptr.2d 840, 862 P.2d 840, "it would not necessarily be irrational for the Legislature to devise separate penalties for the crime of escape (see Pen.Code, §§ 4530, 4532), while reserving the section 667.5 enhancement for felons who have completed a term of imprisonment but demonstrate their failure to absorb the penal message by committing further crimes."
We conclude that defendant's 1994 prior prison term for nonviolent escape was not "separately served" within the meaning of section 667.5 and, consequently, must be stricken from the judgment.

II-V[**]

DISPOSITION
The judgment is modified to strike the true finding and enhancement for defendant's 1994 escape conviction. As so modified, the judgment is affirmed. The trial court is directed to amend the abstract of judgment to reflect this modification, and forward a certified copy of the amended abstract to the Department of Corrections.
We concur: SIMS, Acting P.J., and DAVIS, J.
NOTES
[*] Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of parts II, III, IV and V.
[1] Despite our invitation, the People inexplicably elected not to address In re Kelly, supra, 33 Cal.3d 267, 188 Cal.Rptr. 447, 655 P.2d 1282 in their supplemental briefing. At oral argument, the People simply dismissed it as dicta.
[**] See footnote *, ante.