Filed 7/28/16 P. v. Alvarez CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MARCELLO TEOFILO ALVAREZ,<br><br>    Defendant and Appellant. | 2d Crim. No. B263561<br>(Super. Ct. No. 1452773)<br>(Santa Barbara County) |

Here the sole question is whether the trial court erred in imposing two of three prior prison term enhancements pursuant to Penal Code section 667.5, subdivision (b).[1] The defendant contends the enhancements do not apply because he reoffended while he was on mandatory supervision. (§ 1170, subd. (h)(5)(B).) We affirm.

A jury convicted Marcello Teofilo Alvarez of assault with a deadly weapon (count 1; § 245, subd. (c)); felony resisting an officer (count 3; § 69); felony evading an officer (count 4; Veh. Code § 2800.2, subd. (a)); possession of a firearm by a felon (count 5; § 29800, subd. (a)(1)); misdemeanor possession of a controlled substance (count 6; Health & Saf. Code § 11377, subd. (a)); and felony possession of ammunition (count 7; § 30305, subd. (a)(1)). The jury also found that count 1 is a serious felony. (§ 1192.7, subd. (c)(11).)

---

[1] All statutory references are to the Penal Code unless otherwise stated.

The trial court found Alvarez suffered a prior conviction of a serious violent felony. (§§ 667, subds. (d)(1) & (e)(1), 1170.12, subds. (b)(1) & (c)(1); 1192.7, subd. (c).) The court also found Alvarez served three prior prison commitments. (§ 667.5, subd. (b).)

The trial court sentenced Alvarez to a total of 17 years 4 months, including a consecutive one-year term for each of his prior prison commitments.

## FACTS

The facts of the underlying offenses are not relevant. The only question is whether two of the prior prison term enhancements imposed pursuant to section 667.5, subdivision (b) apply.

Alvarez's prior prison terms were as follows:

On February 24, 2011, Alvarez was sentenced to 16 months for evading an officer. (Veh. Code § 2800.2, subd. (a).)

On July 3, 2013, Alvarez was sentenced to two years for taking a vehicle without the owner's consent. (Veh. Code § 10851.)

On March 20, 2014, Alvarez was sentenced to two years for receiving stolen property. (§ 496, subd. (a).)

Alvarez committed the third offense while he was still serving a period of mandatory supervision on the second offense. Alvarez committed the present offenses while he was still serving a period of mandatory supervision on the third offense.

## DISCUSSION

Alvarez contends two of his prison priors do not qualify for one-year enhancements under section 667.5, subdivision (b) because he committed the offenses while he was on mandatory supervision.

Section 667.5, subdivision (b) provides for a one-year sentence enhancement for a new offense for which a prison sentence or a county jail sentence, pursuant to section 1170, subdivision (h), is imposed prior to a period of five years in which the defendant remained free of both the commission of a felony offense and prison custody or jail custody imposed under section 1170, subdivision (h).

2

Subdivision (d) of section 667.5 provides in part: "For the purposes of this section, the defendant shall be deemed to remain in prison custody for an offense until the official discharge from custody, including any period of mandatory supervision, or until release on parole or postrelease community supervision, whichever first occurs, including any time during which the defendant remains subject to reimprisonment or custody in county jail for escape from custody or is reimprisoned on revocation of parole or postrelease community supervision."

Subdivision (e) of Section 667.5 provides: "The additional penalties provided for prior prison terms shall not be imposed for any felony for which the defendant did not serve a prior separate term in state prison or in county jail under subdivision (h) of Section 1170."

Subdivision (g) of Section 667.5 provides: "A prior separate prison term for the purposes of this section shall mean a continuous completed period of prison incarceration imposed for the particular offense alone or in combination with concurrent or consecutive sentences for other crimes, including any reimprisonment on revocation of parole which is not accompanied by a new commitment to prison, and including any reimprisonment after an escape from incarceration."

Alvarez argues that Subdivision (e) of section 667.5 requires that the defendant serve a "prior separate term" in state prison or county jail. Subdivision (g) defines a prior separate prison term as "a continuous completed period of prison incarceration." Subdivision (d) includes "any period of mandatory supervision" as prison custody. Alvarez concludes that in order for a section 667.5 enhancement to apply, the defendant must have completed his period of mandatory supervision. He believes that where, as here, a defendant reoffends while still on mandatory supervision, he has not "completed" a period of prison incarceration as required by subdivision (g).

Our Supreme Court rejected a similar interpretation of section 667.5 in *In re Kelly* (1983) 33 Cal.3d 267 (disapproved on other grounds in *People v. Langston* (2004) 33 Cal.4th 1237). In *Kelly*, the defendant was committed to state prison and paroled. He committed a second offense while on parole from the first offense; a third

3

offense while on parole from the second offense; a fourth offense while on parole from the third offense; and finally, a fifth offense while on parole from the fourth offense. The defendant's sentence on the fifth offense included four one-year enhancements imposed pursuant to section 667.5, subdivision (b).

There, as here, the defendant argued that the prior prison enhancements were improperly imposed because he had not completed any of the prior prison terms before he reoffended.

In rejecting the argument, our Supreme Court discussed the absurd results that would attend the defendant's interpretation of section 667.5. The court noted that a person who successfully completes parole would be subject to harsher punishment than a person who reoffends while on parole. (*In re Kelly*, *supra*, 33 Cal.3d, at p. 272.) The court stated it is "inconceivable" the Legislature so intended. (*Ibid*.)

*Kelly* also rejected the defendant's argument that subdivision (d) of section 667.5 governs subdivision (g) of that section. Subdivision (d) defines the time when a defendant "shall be deemed to remain in prison custody . . . ." The court stated that subdivision (d)'s definition of custody applies solely to subdivisions (a) and (b) in determining whether a defendant has been free of custody for a sufficient number of years such that an enhancement shall not be imposed. (*In re Kelly*, *supra*, 33 Cal.3d, at p. 274.) Custody is not the equivalent of a "'period of prison incarceration'" as used in subdivision (g). (*Kelly* at p. 274) As used in subdivision (g), a "'period of prison incarceration'" refers to "a block of time actually spent in an incarcerating facility." (*Kelly* at p. 274.)

*Kelly* summarized its interpretation of subdivision (g) as follows: "[A] prior separate prison term is defined as that time period a defendant has spent actually incarcerated for his offense prior to release on parole. In addition, if the defendant has violated his parole and has been sent back to prison, but has not received a new commitment, that time block is deemed to be continuing. If defendant has been returned with the addition of a new commitment, however, the time block is not continued, and

4

only that portion of prison time spent prior to release on parole constitutes the prior separate prison term." (*In re Kelly*, *supra*, 33 Cal.3d, at pp. 270-271.)

Alvarez distinguishes *Kelly* on the ground the case involved parole, not mandatory supervision. But *Kelly's* interpretation of section 667.5 is applicable equally to mandatory supervision and parole.

Alvarez also points out that in 2012, after *Kelly* was decided, the Legislature amended subdivision (d) to add the defendant shall be deemed to remain in prison custody "including any mandatory supervision . . . ." (Stats. 2012, ch. 43, § 22.) But the amendment does not change *Kelly's* interpretation that subdivision (d)'s definition of custody applies solely to subdivisions (a) and (b). It defines custody for determining whether a defendant has been free from custody for a sufficient period of time such that the enhancement shall not be imposed.

Here, because Alvarez was returned to prison each time under a new commitment, the enhancements imposed under section 667.5, subdivision (b) apply.

*DISPOSITION*

The judgment is affirmed.

NOT TO BE PUBLISHED.

GILBERT, P. J.

We concur:

YEGAN, J.

PERREN, J.

5

John F. McGregor, Judge

Superior Court County of Santa Barbara

_____


Donna Ford, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Paul M. Roadarmel, Jr., Supervising Deputy Attorney General, and David F. Glassman, Deputy Attorney General, for Plaintiff and Respondent.